**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ALICE HARRINGTON KIRKSEY, |
|       Plaintiff, |
| v. |
| D.C. PUBLIC SCHOOLS |
| and |
| D.C. GOVERNMENT |
|       Defendants. |

Civil Action No. 09-1786 (CKK)

**MEMORANDUM OPINION**
(December 2, 2009)

Plaintiff, Alice Harrington Kirksey, filed the above-captioned suit against Defendants, the D.C. Public Schools and the D.C. Government, alleging that Defendants refused to pay her attorneys' fees after she prevailed in a hearing pursuant to the Individuals with Disability Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). Originally filed in the Small Claims & Conciliation Branch of the District of Columbia Superior Court, Defendants removed the instant action to this Court on September 18, 2009. Presently pending before the Court are two motions to dismiss and/or for a more definite statement filed by Defendants. *See* Docket Nos. [3] and [15]/[16].

The first such motion was filed by Defendants on September 23, 2009, shortly after the case was removed from Superior Court. *See* Defs.' Motion to Dismiss and/or for a More Definite Statement, Docket No. [3]. In response, Plaintiff filed a [4]/[11] Motion to Remand, arguing that the case is a contract action that should be remanded to the Superior Court of District of Columbia for resolution. On October 23, 2009, the Court issued an order denying Plaintiff's [4]/[11] Motion to Remand, finding that, contrary to Plaintiff's assertions, the suit is

not properly characterized as a simple contract action governed by local law, but rather arises

under the IDEA and appears to be a claim for attorney's fees under 20 U.S.C. §1415(i)(3)(A) and

(B).  *See* 10/23/09 Order, Docket No. [12].  The Court further ordered Plaintiff to file an

amended complaint in response to Defendants' [3] Motion to Dismiss by November 6, 2009; the

Court advised Plaintiff that if an amended complaint giving Defendants fair notice of the claim

was not timely filed, the action would be dismissed.  *Id.*  As required, Plaintiff timely filed an

Amended Complaint on October 29, 2009.  *See* Am. Compl., Docket No. [14].  In light of this

filing, the Court hereby DENIES AS MOOT Defendants' [3] Motion to Dismiss and/or For a

More Definite Statement.

Thereafter, on November 4, 2009, Defendants filed their second pending motion, namely,

their [15]/[16] Motion to Dismiss Amended Complaint and/or for a More Definite Statement.

Defendants assert that Plaintiff's Amended Complaint, like her original Complaint, fails to

sufficiently assert a short and plain statement showing that the pleader is entitled to relief

consistent with Fed. R. Civ. P. 8(a).  *See generally* Defs.' Motion to Dismiss Amended

Complaint and/or for a More Definite Statement, Docket Nos. [15]/[16].  Accordingly,

Defendants have moved to dismiss Plaintiff's Amended Complaint, urging that it suffers from

the same deficiencies as the original Complaint.  Defs.' MTD at 3-4.  In the alternative,

Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  *Id.*

Pursuant to Fed. R. Civ. P. 6 and LCvR 7(b),[1] Plaintiff was required to file an opposition

---

[1] The Court notes that the recent amendments to both the Federal Rules of Civil Procedure and the Local Civil Rules of this Court modifying the manner in which time is computed for filing deadlines did not take effect until December 1, 2009, and therefore does not affect the deadline for Plaintiff's opposition.

or otherwise respond to Defendants' motion by no later than November 18, 2009.  Plaintiff, who

is represented by counsel in this action, failed to do so by November 18, 2009, or indeed, at

anytime thereafter.  As of the date of this Memorandum Opinion and accompanying Order, the

docket reflects that no response has been filed by Plaintiff.  Accordingly, pursuant to LCvR 7(b),

the Court shall GRANT Defendants' [15] Motion to Dismiss Amended Complaint as conceded.

*See* LCvR 7(b) ("If . . . a memorandum [in opposition] is not filed within the prescribed time, the

Court may treat the motion as conceded.").  *See also Twelve John Does v. District of Columbia*,

117 F.3d 571, 577 (D.C. Cir. 1997) (a district court may in its discretion "rel[y] on the absence of

a response as a basis for treating [a] motion as conceded").  Moreover, in light of this decision

granting Defendants' motion to dismiss Plaintiff's Amended Complaint, the Court shall DENY

AS MOOT Defendants' alternative [16] Motion for a More Definitive Statement pursuant to Fed.

R. Civ. P. 12(e).  This case is dismissed without prejudice.  An appropriate Order accompanies

this Memorandum Opinion.

Date: December 2, 2009

                                            _____/s/_____
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge